IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MATTHEW PRICE THOMAS | ) | Case No. 05-23160-7 |
| | ) | |
| Debtor. | ) | Adv. No. 06-2006-drd |
| | ) | |
| BRITNEY LOU JAMES-THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW PRICE THOMAS | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This adversary comes before the Court on the motion for summary judgment filed by Britney Lou James-Thomas ("Plaintiff"), against Mathew Price Thomas ("Debtor"), for a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(4) and (a)(5). This Court has jurisdiction over the Complaint under 28 U.S.C. § 1334(b). It is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. § 157(a) and (b)(2)(J). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that Plaintiff has failed to satisfy her burden of demonstrating that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law on her claims that Debtor transferred or concealed assets with intent to

hinder, delay or defraud creditors, that Debtor knowingly or fraudulently made a false oath, or that he failed to satisfactorily explain a loss of assets. Summary judgment is, therefore, denied on all counts.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Debtor are married and living separately.[1] On September 26, 2005, Plaintiff initiated an action in the Circuit Court of Boone County, Missouri to dissolve the marriage. As part of the divorce proceeding, Debtor filed a statement of property ("Dissolution Property Statement") and an income and expense statement ("Dissolution Income Statement").[2] Debtor filed an individual petition under Chapter 7 on October 13, 2005. Janice Harder was appointed as trustee. On November 23, 2005, the trustee presided over and conducted the meeting of creditors held pursuant to § 341 of the Bankruptcy Code. Debtor appeared, was placed under oath and testified that his bankruptcy schedules were complete and accurate and that he had disclosed all of his property.[3]

Debtor and Plaintiff jointly own real property located at 261 N. Broadview, Columbia, Missouri ("Real Property").[4] Debtor listed the Real Property as having a value of $87,200 in his Schedule A filed on October 13, 2005 and as having a value of $105,000 in his Amended Schedule A filed March 6, 2006. Debtor listed the same property as having a value of $110,000

---

[1] First Amended Answer to First Amended Complaint Objecting to Discharge and Dischargeability of Debt (hereinafter "Debtor's Answer to Complaint"), ¶ 4.

[2] Debtor's Answer to Complaint, ¶ 6.

[3] Debtor's Answer to Complaint, ¶'s 19-21.

[4] Debtor's Answer to Complaint, ¶ 8.

in his Dissolution Property Statement filed November 29, 2005.[5]  Defendant did not disclose his interest in a ING financial account worth $5,052.00 or various household items in his initial filing, but his amended schedules reflect these assets.

The following items of personal property were included in Debtor's Dissolution Property Statement, but not on his Schedule B:

a. 22 caliber rifle;
b. 30-30 caliber rifle;
c. gold and onyx ring;
d. one pair diamond earrings;
e. melted gold pendant and chain;
f. gold and diamond wedding band;
g. diamond and ruby ring;
h. gold totem pendant;
i. brass compass and tripod ("Personal Property").[6]

Plaintiff claims, in the alternative, either that Debtor possessed the Personal Property at the time of his bankruptcy filing and failed to list it on his schedules, thus making a false oath, or that he disposed of the property within one year of the bankruptcy filing with the intent to hinder, delay or defraud his creditors.  Plaintiff also alleges that Debtor understated his income and under valued the Real Property in his bankruptcy schedules and that he failed to disclose his interest in the ING financial account and other household items, thus he should be denied a discharge for those reasons as well.

---

[5] Debtor's Answer to Complaint, ¶ 8.

[6] Suggestions in Opposition to Motion for Summary Judgment ("Debtor's Opposition"), p. 1-2.

## II.  DISCUSSION

### A. Standard for Summary Judgment

Federal Rule of Bankruptcy Procedure 7056(c), applying Federal Rule of Civil Procedure 56 (c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970).  Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate, inferences for the movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).  Rather, the court's clear duty first is to ascertain whether the case features genuine issues of material facts. *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980).  If so, a trier of fact must resolve those issues. *Celotex,* 477 U.S. at 322.

### B.  General Principles and Burden of Proof

Obtaining a discharge is the key component of the "fresh start" a bankruptcy proceeding is designed to give a debtor.  Accordingly, denying a discharge to a debtor is considered to be a "harsh and drastic penalty." *American Bank of Spikard-Trenton v. Ireland (In re Ireland)*, 49

B.R. 269, 271 n. 1 (Bankr. W.D. Mo.1985). For that reason, the grounds for denial of discharge listed in § 727 are strictly construed in the favor of the debtor. *Florte L.L.C., et al v. Sendecky (In re Sendecky)*, 283 B.R. 760, 765 (B.A.P. 8th Cir.2002); *Gray v. Gray (In re Gray)*, 295 B.R. 338, 343 (Bankr. W.D. Mo.2003); *In re Stanke*, 234 B.R. 449, 456 (Bankr. W.D. Mo.1999). A trustee or creditor requesting that the court deny a debtor a discharge bears the burden of proving each of the elements of the applicable claim by a preponderance of the evidence. *Sendecky*, 283 B.R. at 763; *Gray*, 295 B.R. at 343; *Kirchner v. Kirchner (In re Kirchner)*, 206 B.R. 965, 973 (Bankr. W.D. Mo.1997).

### C. Specific Claims for Denial of Discharge

### 1. Concealment With Intent to Hinder, Delay or Defraud Creditors

To make a case for denial of discharge under § 727(a)(2)(A), a plaintiff must demonstrate that the debtor concealed assets that might otherwise have been available to satisfy the claims of creditors. *See Sendecky*, 283 B.R. at 763. Section 727(a)(2)(A) provides:

> (a) The court shall grant the debtor a discharge, unless-
> ....
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-
>
> (A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A). Actual intent to hinder, delay or defraud must be demonstrated, but because direct evidence of such intent is rarely available, it may be proven by circumstantial evidence. *McCormick v. Security State Bank*, 822 F.2d 806, 808 (8th Cir.1987); *Stanke*, 234 B.R. at 457; *Diamond Bank v. Carter (In re Carter)*, 203 B.R. 697, 706 (Bankr.W.D. Mo.1996).

Plaintiff alleges that Debtor's failure to include the Personal Property in his bankruptcy schedules, when it was included in his Dissolution Property Statement, establishes concealment of property which could have been available to satisfy the claims of his creditors. Debtor's defense to this allegation, which Plaintiff does not address in her reply to Debtor's opposition to summary judgment and thus does not appear to dispute, is that he is not the owner of the Personal Property.[7] Debtor's father, Price S. Thomas signed an affidavit ("Affidavit") which states that he owns the Personal Property and that Debtor returned it to him within a year of the bankruptcy filing.[8] Debtor asserts that the reason he included the Personal Property in his Dissolution Property Statement was that, at that time, it was in Plaintiff's possession and he wanted to be certain that it was set aside to him, or his family, as non-marital property in the divorce.[9] He explained that he did not include it in his bankruptcy schedules because by the time of the filing, Plaintiff had returned it to him and he, in turn, had returned it to his father. He asserts his only mistake was to not indicate this transfer in his Statement of Financial Affairs. Although the Affidavit supports Debtor's assertions and Plaintiff does not contest them, whether Debtor is the owner of the Personal Property, such that he could have been attempting to conceal it from his creditors, remains a factual issue to be determined at trial.

Plaintiff contends that Debtor attempted to conceal assets by under-reporting his gross monthly income on his Schedule I by $1,323.11. In his initial Schedule I, Debtor listed his income as $2,490 and in his Dissolution Income Statement he showed income of $3,520. Debtor

---

[7] Debtor's Rule 2004 Examination, p. 68, lines 1-22.

[8] Debtor's Opposition, p. 8; Affidavit of Price S. Thomas; Debtor's Answer to Complaint, ¶ 10.

[9] Debtor's Rule 2004 Examination, p. 66, line 24 - p.68, line 22.

states that, at the time of the bankruptcy filing, he had just changed jobs and was thus not certain what his actual monthly income would be.[10]  Plaintiff counters that Debtor listed his true monthly income in the Dissolution Income Statement, which was signed on November 29, 2005, but that he failed to amend his Schedule I at this time or to advise the trustee of the change at the § 341 meeting held on November 23, 2005.  Debtor amended his Schedule I on March 6, 2006. He contends that he provided his attorneys with recent check stubs and that even with the increase in monthly income, he still has a monthly deficit of $751.38.  The Court finds that Debtor's explanation raises a factual question regarding whether Debtor had the requisite intent to defraud, delay or hinder creditors when he scheduled his income information.

Plaintiff contends denial of discharge is also warranted based on the allegation that Debtor understated the value of the Real Property on his Schedule A.  Debtor's original Schedule A listed a value of $87,000, his Dissolution Property Statement lists a value of $110,000 and his Amended Schedule A lists a value of $105,000.  Debtor's explanation for the discrepancies in values is that he followed the advice of counsel and understood that the valuation process was different in a divorce proceeding than in bankruptcy.[11]  He also asserts that he does not have possession of the Real Property, that he did not assert a homestead exemption and that he is not adverse to liquidating that asset.  Debtor's explanation raises the issues of whether his reliance on his counsels' advice regarding the value of the Real Property was reasonable and whether he had the requisite intent to defraud, delay or hinder his creditors when scheduling the Real Property, both of which are questions of fact for the Court to decide.

---

[10] Debtor's Rule 2004 Examination, p. 27, line 24 - p. 29, line 2.

[11] Debtor's Rule 2004 Examination, p. 34, line 8-p.37, line 12; p. 61, line 5-12.

Finally, Plaintiff states denial of discharge is warranted because Debtor failed to list the ING financial account and various household goods in his bankruptcy schedules. Debtor explains that he did not list the ING account because he understood that it was exempt and that his attorney advised him that exempt property did not need to be listed.[12] Additionally, Debtor stated that he did not initially list the various household items because, at the time of the filing, they were in Plaintiff's possession and he understood from his attorney that they, therefore, were not required to be scheduled.[13] Again, Debtor's assertion of reliance on advice of counsel and his explanations regarding the inaccuracies contained in his schedules create questions of fact sufficient to defeat summary judgment pursuant to § 727(a)(2)(A).

## 2. The Making of a False Oath or Account

A Debtor may be denied a discharge, pursuant to §727(a)(4)(A), if the debtor knowingly and fraudulently, in or in connection with a case, made a false oath or account. In order to deny a discharge to a debtor under this subparagraph, the plaintiff must establish that: (1) debtor knowingly and fraudulently; (2) in or in connection with the case; (3) made a false oath or account; (4) regarding a material matter. *Korte v. United States of America Internal Revenue Serv. (In re Korte)*, 262 B.R. 464, 474 (B.A.P. 8th Cir.2001). Since an admission or other direct evidence of fraudulent intent is rarely available, actual intent may be established by circumstantial evidence. *Gray*, 295 B.R. at 343; *Weese v. Lambert (In re Lambert)*, 280 B.R. 463, 468 (Bankr. W.D. Mo.2002). A series or pattern of errors or omissions may have the effect of giving rise to an inference of intent to deceive. *Gray*, 295 B.R. at 344. An omission or false

---

[12] Debtor's Rule 2004 Examination, p. 12, line 6 - p. 13, line 4.

[13] Debtor's Rule 2004 Examination, p. 19, line 25 - p. 22, line 10.

statement is considered material if it relates to the debtor's business transactions or estate or concerns the discovery of assets or the existence or disposition of property. *Palatine Nat'l Bank of Palatine, Ill. v. Olson (In re Olson)*, 916 F.2d 481, 484 (8th Cir.1990); *Korte*, 262 B.R. at 474; *Gray*, 295 B.R. at 345.

Plaintiff's principal contention with regard to this potential ground for denial of discharge is that Debtor either failed to include certain items in his bankruptcy schedules filed on October 13, 2005 or he provided erroneous information. Debtor's explanation for not scheduling the Personal Property, because he is not the owner, was supported by an affidavit and not controverted by Plaintiff. Debtor explained the discrepancy in the value of the Real Property and his initial decision not to schedule the ING account and certain household goods as a result of his reliance on advice from his counsel. Finally, Debtor explained that he did not know his accurate income information at the time of filing due to a job change, but that he provided his counsel with this information and that the delay in amending his Schedule I is not material as his current, increased income still produces a monthly deficit. "Mistaken reliance on an attorney's advice will excuse acts of fraudulent intent if the advice was reasonable and the attorney was aware of all relevant facts." *Sendecky*, 283 B.R. at 765 *citing Kaler v. Craig (In re Craig)*, 195 B.R. 443, 452 (Bankr.D.N.D.1996); *see also Kaler v. McLaren (In re McLaren),* 236 B.R. 882 (Bankr.D.N.D.1999) ("Reliance on an attorney's advice, if the advice is reasonable, may excuse acts that otherwise bear indicia of fraud."). Here, Debtor alleges that his attorneys were fully informed about his property and current income and that he received contradictory information regarding the valuation process of real property. Under circumstances such as this, where Debtor has had several different attorneys giving him advice in two different areas of law, it is

not inconceivable that he received contradictory or inaccurate legal advice. Although Debtor did admit that he did not read his bankruptcy schedules thoroughly, he did provide explanations for the incomplete or inaccurate information which, with additional facts, conceivably could be found reasonable by a trier of fact. Debtor's assertion of reliance on advice of counsel and his explanations for inaccurate schedules raise questions of fact for the Court to decide and are thus sufficient to preclude summary judgment pursuant to § 727(a)(4). The factual issues for trial include whether Debtor provided his counsel with accurate, complete and timely information regarding his assets, income and expenses.

### 3. Failure to Explain Loss of Assets

Plaintiff also claims that Debtor failed to satisfactorily explain the loss of assets and should, as a result, be denied a discharge under § 727(a)(5). That section provides for denial of discharge when "the debtor has failed to explain satisfactorily, before the determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." As the party objecting to discharge, Plaintiff has the burden of proving that a loss or shrinkage of assets actually occurred. *Sendecky*, 283 B.R. at 765. Once that burden has been met, it is then incumbent upon the debtor to provide a satisfactory explanation for the loss of the asset. *Id.* at 766; *Cadle Co. v. Stewart (In re Stewart)*, 263 B.R. 608, 618 (B.A.P. 10th Cir.2001); *Gray*, 295 B.R. at 345. What constitutes a "satisfactory" explanation is left to the discretion of the Court. *Gray*, 295 B.R. at 345. The debtor will not be entitled to a discharge if the explanation is "too vague indefinite or unsatisfactory." *Id.*; *Carter*, 203 B.R. at 707; *United States of America v. Heartman (In re Heartman)*, 181 B.R. 410, 413 (Bankr. W.D. Mo.1995). The debtor need only provide an explanation of the loss of the assets; it need not necessarily be

10

meritorious. *Norton Bankruptcy Law and Practice 2d*, § 74:15. In other words, the debtor satisfactorily explains the loss of an asset even if his explanation is that the asset was transferred in a transaction that might have been done to hinder, delay or defraud creditors. Although that explanation might create other issues for the debtor and give rise to an objection to discharge on another basis, it is nonetheless a satisfactory explanation for the loss of the asset.

Plaintiff's argument for denial of discharge pursuant to § 727(a)(5) appears to be that because Debtor failed to accurately schedule his assets and liabilities, he therefore failed to satisfactorily explain a loss or deficiency of assets needed to meet his debts to creditors. Plaintiff contends that Debtor's scheduling of certain unsecured debts, for which he allegedly is not liable, and certain expenses, that he allegedly does not have, are undisputed and support a finding that denial of discharge is therefore warranted under § 727(a)(5). While the Court questions the relevance of Plaintiff's assertions as they relate to denial of discharge under this section, the Court nonetheless finds that Debtor's explanations regarding ownership of the Personal Property and his reliance on advice of counsel when scheduling, or not scheduling, his assets and liabilities create issues of material fact for the Court to determine at trial.

### III. CONCLUSION AND ORDER

In summary, the Court finds that there remain numerous issues of material fact regarding the ownership of the Personal Property, whether it was transferred or concealed with an intent to hinder, delay or defraud his creditors, Debtor's intent when he scheduled his income, his intent when he failed to disclose his interest in the ING account and other household items and whether his valuation of the Real Property was fraudulent. Therefore, for the reasons stated above, the

Plaintiff's motion for summary judgment on Counts I, II and III is hereby denied. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 28th day of September 2006.

/s/ Dennis R. Dow

THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Gwen Froeschner Hart
Noel Magee